**Walter D. LAMBERT, Plaintiff,**

v.

**Joseph P. CONNORS, Jr., et al., Trustees, United Mine Workers of America, Health & Retirement Funds, Defendants.**

No. 88-0070-A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Oct. 4, 1988.

Matthew J. Cody, Jr., Lebanon, Va., for plaintiff.

Trenton G. Crewe, Wytheville, Va., Andree M. St. Martin, Washington, D.C., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This suit is before the court on defendants' motion for summary judgment.

Plaintiff brought this action against the Trustees of the United Mine Workers of America's (UMWA) Health and Retirement Funds (FUNDS) for improperly denying him pension benefits. The court find that there is not substantial evidence to support the Funds' denial of pension benefits.

## FACTUAL BACKGROUND

The facts that bring the plaintiff to this court for the third time are rather complex. It is necessary to recount them, however, for they form the basis of the court's decision to enter judgment for the plaintiff.

Plaintiff injured his back on November 8, 1982 in the course of his employment at Big Oak Coal Company, a signatory to the 1974 UMWA Pension Plan (1974 Plan).

On November 18, 1982 plaintiff visited Dr. Ramon Motos who found that plaintiff experienced tenderness in his right lower back and that there was a slight limitation in plaintiff's range of motion. On February 2, 1983 plaintiff visited Dr. Leopoldo Bendigo, an orthopedic surgeon, who found that plaintiff had a low back sprain. Plaintiff applied to the Social Security Administration for disability benefits.

Plaintiff continued to have both physical and psychiatric problems. On October 14, 1983 plaintiff saw Dr. Ann Brooks. She found that plaintiff was totally disabled due to a combination of his psychiatric problems and his back condition. Later that year, Dr. Vinod Modi determined that the plaintiff had lumbosacral sprain and that this was caused by his back injury. Plaintiff also was examined by Dr. Riaz Uddin, a psychiatrist, who concluded that the plaintiff suffered from a chronic generalized anxiety disorder. In November 1984, plaintiff visited Dr. Nell Jewell, an orthopedic surgeon, who found plaintiff had chronic lumbar syndrome and a possible herniated nucleus pulposus. Plaintiff visited Dr. D. Soulis, a psychiatrist, in May 1984. Dr. Soulis found that plaintiff had a moderately severe generalized anxiety disorder.

On the basis of this medical evidence, the Social Security Administration denied plain-

tiff benefits. This court remanded that decision. The plaintiff was then examined by Dr. Muhammed Javed, who specializes in internal medical and cardiovascular disease. Dr. Javed determined that plaintiff had moderate tenderness in his lumbral-sacral spine area and had a moderate reduction of movement. Plaintiff was then examined by another psychiatrist who found that the plaintiff's prognosis was "very poor." It should be noted that the Social Security Administration selected these doctors to examine plaintiff.

The Social Security Administration again denied plaintiff disability benefits. This court again reviewed all of the medical evidence and found that the plaintiff was in fact disabled and awarded plaintiff benefits. This court, in setting a date of disability, noted that the establishment of a disability onset is always arbitrary to some degree but the court found it appropriate to establish the date of plaintiff's disability as the date on which the government-chosen doctors examined plaintiff.

On April 8, 1987 plaintiff applied to the Funds for a disability pension. The final decision of the trustees of the Funds was that plaintiff's 1982 accident did not cause his "total disability" and the trustees denied plaintiff his pension. Plaintiff then filed his complaint with this court alleging that the trustees arbitrarily and capriciously denied him a disability pension.

## REVIEW OF THE TRUSTEES' DECISION TO DENY PLAINTIFF A DISABILITY PENSION

Defendants, in support of their motion for summary judgment argue that plaintiff's mine-related back condition is not the proximate cause of his total disability. This argument is two-fold. Plaintiff had a lower back sprain in April 1981 due to a mine accident that occurred at a non-signatory coal company. Defendants state that "the 1981 accident suggests that Lambert's back impairment may not be the result of the 1982 compensable mine accident, but, rather the residuals of his earlier noncompensable accident." Brief for defendants at 15. Defendants also contend that plain-

tiff's psychiatric problems were a "substantial cause" of plaintiff's disability and that these problems are unrelated to his back injury. We review the trustees' decision to determine whether it was arbitrary or capricious, not supported by substantial evidence or contrary to law. *Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985).

The Trustees first contend that it is just as likely that the claimant was injured in his back from the first accident as from the second. The court is of the opinion that since there is a period of time of one year and three-quarters occurring between the first and the second accidents, during which time Lambert was found able to work by the signatory employer and did succeed in working, there is no evidence in this case on which one can even make an assumption that the first accident was a disabling accident. Furthermore, in making this argument, the Trustees are ignoring their own Questions and Answers which they have promulgated for guidance in resolving causation problems involving physical injuries. In a series set forth as Question (c), it reads as follows: "Does the mine worker meet the Funds' disability criteria for a disability pension in the following cases? (c) Mine worker lost one foot in a non-work related automobile accident, then lost the other in a mine accident." The Answer to (c) is "Yes, if the condition or injury resulting from a mine accident aggravates or combines with a pre-existing condition or prior injury which did not result from a mine accident and the mine worker thereby becomes totally disabled, the mine worker is considered totally disabled as the result of a mine accident for the Funds' purposes." This could be applied to this case because if the first injury combined with the second and certainly the first condition was not disabling by itself and if it combined to make the disability, then the claimant is entitled to his benefits. Therefore, the court feels that the argument of the Funds is not meritorious in this regard.

It is argued by the Trustees that there is no evidence in this case that the causal connection between the back injury which

he suffered and the subsequent disabling psychiatric condition which he suffered. This court is of the opinion that, to the contrary, the evidence is undisputed that the claimant is disabled as a result of a combination of both and the causation is connected up by all the doctors who expressed an opinion concerning it. Dr. Eden describes the diagnosis of the claimant as follows: "The patient meets the diagnostic criteria for post-traumatic stress disorder, chronic, APA Code 309.81." In his written report, the doctor stated that the present illness, according to the patient, dates back to the sixties when he served in Vietnam and from the description that he appeared to have suffered from a post-traumatic stress syndrome at that time. However, he was able to work after this and Dr. Eden goes on to state that he "last worked in the coal mines in 1982 and had to give up his job because of a ruptured intevertebral disk."

Most of the doctors only examined the claimant with relation to their particular field of expertise. The psychiatrists did not discuss a causal connection between plaintiff's psychiatric problems and plaintiff's back injury—they did not need to do so because they found him to be disabled solely on the basis of his psychiatric condition. Likewise, most of the medical doctors did not discuss the causal connection but rather devoted their diagnoses to their own particular field. However, a physician, Dr. Ann Brooks, who treated Lambert from October 14, 1983 through 1985, found him to be totally and permanently disabled due to the combination of his back problem and his psychiatric condition.

In *Church v. Huge*, 500 F.Supp. 133 (W.D.Va.1980), this court noted a publication used by the Trustees for guidance in disability pension cases, stated as follows:

> There will be a limited number of cases in which the applicant will establish total disability and the occurrence of a mine accident, but it will appear that the mine accident is only partially responsible for the disability. In these cases, the disability shall be deemed to be the result of a mine accident in accordance with the principle of 'proximate cause,' as explained below:

> (a) If the mine accident aggravated a pre-existing condition to the extent that the person became totally disabled or if the mine accident occurred after a nonmine related injury and the two injuries combined resulted in total disability, the person shall be deemed to be totally disabled as a result of the mine accident. This rule applies even if evidence establishes that the mine related condition is only a small percentage of the total disability.

*Id.* at 137. This court noted in *Church* that this same rule would apply where a mine accident is aggravated by a post-accident one. In this case, the claimant first experienced psychiatric problems as a result of the trauma of the Vietnam War. He was able to work, however, from the time of his release from military service until his injury in 1982. After his injury in 1982, the doctors clearly delineated a gradual increase of his psychiatric problems. Therefore, we have a situation in this case where the person had a pre-existing condition (psychiatric) in combination with a physical injury which was subsequently compounded by a psychiatric problem. The causal relationship between all of these matters is therefore clear. The Trustees' own guidelines provide that the mine accident may result in only a minor injury in the total disability. But in this case, most of the doctors have found that the claimant was disabled from his usual occupation by the mine injury alone.

The Trustees must accept a man working in the mines with his limitations. A condition which will disable one person will not necessarily disable another. Here, we have a man who had psychiatric problems before he ever entered into the work force and it did not require a great deal of injury to totally disable him. Accordingly, the court overrules the motion for summary judgment filed by the defendants and will enter an Order granting final judgment to the claimant and award him his disability miner's pension.